IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Philip A. Brimmer**

Civil Action No. 22-cv-02621-PAB-NRN

ANTHONY PROCOPIS d/b/a SLOT IT GOLF,

    Plaintiff,

v.

STEEPWARE LLC, d/b/a EYELINE GOLF, and
SAMUEL FROGGATTE,

    Defendants.

---

# ORDER

---

This matter comes before the Court on plaintiff's letter to the Court requesting dismissal of the case [Docket No. 34], construed as a motion to dismiss the case without prejudice. The Court has jurisdiction over this case pursuant to 28 U.S.C. §§ 1331 and 1338(a).

## I. BACKGROUND

Mr. Procopis commenced this lawsuit against defendants Steepware LLC and Samuel Froggatte on October 7, 2022, bringing claims of patent infringement. *See generally* Docket No. 1. Defendants have filed two counterclaims against Mr. Procopis, seeking a declaratory judgment that Mr. Procopis' patents are invalid. *See* Docket No. 8 at 20-22. Although Mr. Procopis was initially represented by counsel, he is now proceeding pro se. *See* Docket No. 32. On January 26, 2023, Mr. Procopis requested a 30-day stay of the case in order to provide him with an opportunity to engage new counsel, but Magistrate Judge N. Reid Neureiter denied this request. *Id.* The next day,

January 27, 2023, Mr. Procopis filed a letter addressed to Judge Neureiter seeking to dismiss "the action" without prejudice.  Docket No. 34.  On the same day that Mr. Procopis filed his letter, defendants filed a motion for summary judgment on Mr. Procopis' claims and defendants' counterclaims.  Docket No. 35.  Defendants oppose the dismissal without prejudice of Mr. Procopis' claims.  Docket No. 38.

## II.  LEGAL STANDARD

Rule 41(a)(2) provides that a case may be "dismissed at the plaintiff's request only by court order, on terms that the court considers proper."  Fed. R. Civ. P. 41(a)(2).  Rule 41(a)(2) is designed to prevent voluntary dismissals that adversely affect the opposing party.  *Brown v. Baeke*, 413 F.3d 1121, 1123 (10th Cir. 2005).  In the absence of legal prejudice to the defendant, a district court should ordinarily grant a plaintiff's request for dismissal without prejudice.  *Id.*  Although the term "legal prejudice" is not precisely defined, relevant factors to consider include "the opposing party's effort and expense in preparing for trial; excessive delay and lack of diligence on the part of the movant; insufficient explanation of the need for a dismissal; and the present stage of litigation."  *Ohlander v. Larson*, 114 F.3d 1531, 1537 (10th Cir. 1997).  These factors are not exhaustive or conclusive and the court must take care to "consider the equities not only facing the defendant, but also those facing the plaintiff."  *Id.*

Furthermore, Rule 41(a)(2) states that, "[i]f a defendant has pleaded a counterclaim before being served with the plaintiff's motion to dismiss, the action may be dismissed over the defendant's objection only if the counterclaim can remain pending for independent adjudication."  Fed. R. Civ. P. 41(a)(2).

2

## III. ANALYSIS

### A. Pending Counterclaims

Rule 41 does not permit a plaintiff to voluntarily dismiss an action over a defendant's objection where there is a pending counterclaim unless the counterclaim can remain pending for independent adjudication. Fed. R. Civ. P. 41(a)(2). Here, defendants have filed two counterclaims. Docket No. 8 at 20-22. Further, defendants object to Mr. Procopis' motion to dismiss the action. Docket No. 38. Mr. Procopis' letter does not say that he seeks to dismiss only his claims while allowing defendants' counterclaims to remain pending. Docket No. 34. To the contrary, Mr. Procopis' motion asks the Court to "end[] this action immediately." *Id.* Accordingly, Mr. Procopis may not voluntarily dismiss the case under Rule 41.

### B. Delay and Diligence on the Part of the Movant and Explanation for the Need for a Dismissal

Mr. Procopis filed his motion to dismiss on January 27, 2023, nearly three months after defendants filed counterclaims against him. Docket Nos. 8, 34. This delay on the part of Mr. Procopis weighs against granting his motion.

Furthermore, Mr. Procopis seeks dismissal of this case to "give me time to identify and hire new Counsel, revise my strategy and sure up [sic] finances, so I can bring a future case all the way to a final judgement." Docket No. 34. Mr. Procopis emphasizes the expense of pursuing a lawsuit, stating that he is a "solo entrepreneur with minimal funds to draw on" and asserting that accessing the funds necessary to pursue a lawsuit "is not an easy or quick process." Docket No. 41 at 3. These statements do not support a finding of diligence in pursuing his action on Mr. Procopis' part, nor do they explain the need for a dismissal. Instead they suggest the opposite—

3

that Mr. Procopis voluntarily initiated a lawsuit without having the necessary resources to see it through.  Furthermore, Judge Neureiter denied Mr. Procopis' request for a 30-day stay of proceedings in order to secure new counsel.  Docket No. 32.  Mr. Procopis' difficulty in securing new counsel cannot justify a dismissal without prejudice—functionally an indefinite stay of proceedings until Mr. Procopis is ready to re-file his claims against defendants—when Judge Neureiter denied Mr. Procopis' request for a stay of 30 days based on the same justification.  Mr. Procopis offers no other explanation as to why dismissal is necessary.

Thus, the amount of time that passed between defendants' filing of their counterclaims and Mr. Procopis' lack of diligence in pursuing the action weigh against granting Mr. Procopis' motion to dismiss, and his explanation for his need for a dismissal does not remedy these shortcomings.

### C. Stage of Litigation and Opposing Party's Effort and Expense in Preparing for Trial

Mr. Procopis states that the litigation is at a "relatively early stage (four months)" and claims that "both parties have avoided large expenses that start to pile up, including discovery, claim construction, patent reviews, the hiring of experts and trial preparations."  Docket No. 41 at 3.  However, defendants have already filed an answer, counterclaims, and a motion for summary judgment.  Docket Nos. 11, 35.  Defendants urge the Court to consider "the time and expense that Defendants have already incurred to prepare their defense, pending Motion for Summary Judgment, and otherwise participate" in the action.  Docket No. 38 at 3.  The Court finds that the stage of litigation and the effort and expense that defendants have undertaken in this action weigh against dismissal without prejudice.

4

Accordingly, the Court finds that the balance of equities does not support dismissing Mr. Procopis' claims and that dismissal is barred by Rule 41.

Therefore, it is

**ORDERED** that Plaintiff Anthony Procopis' letter [Docket No. 34], construed as a motion for voluntary dismissal under Fed. R. Civ. P. 41, is **DENIED**.

DATED March 1, 2023.

                              BY THE COURT:

                              PHILIP A. BRIMMER
                              Chief United States District Judge