IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Philip A. Brimmer**

Civil Action No. 22-cv-02621-PAB-NRN

ANTHONY PROCOPIS, d/b/a SLOT IT GOLF,

    Plaintiff,

v.

STEEPWARE LLC, d/b/a EYELINE GOLF, and
SAMUEL FROGGATTE,

    Defendants.

---

# ORDER

---

This matter comes before the Court on Plaintiff's Motion for Reconsideration of Order on Motion for Summary Judgment [Docket No. 83]. The Court has jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

## I.   PROCEDURAL HISTORY

Plaintiff Anthony Procopis initiated this action on October 7, 2022, bringing two claims of patent infringement against defendants Steepware LLC ("Steepware") and Samuel Froggatte. Docket No. 1 at 14-26, ¶¶ 35-72. The complaint alleges that a golf training aid sold by defendants, the "Speed Trap 2.0," infringes claim 1 of two patents that Mr. Procopis owns, U.S. Patent No. 10,695,641 ("'641 Patent"), issued June 30, 2020, and U.S. Patent No. 11,44,783 ("'783 Patent"), issued May 31, 2022, (together, "Mr. Procopis' patents"). *Id.* at 1-3, 16-17, 22-23, ¶¶ 1-4, 40, 59; Docket No. 1-1 at 2; Docket No. 1-3 at 2. Footnotes to the complaint state that "Plaintiff identifies Claim 1 of [Mr. Procopis' patents] as being infringed at this time for pleading purposes. Pursuant

to D.C.COLO.LPtR 4(b)(1) Plaintiff reserves the right to identify other and /or additional infringed claims in his infringement contentions." Docket No. 1 at 17, 23, ¶¶ 40 n.1, 59 n.2.

Defendants filed counterclaims alleging one claim of copyright infringement and seeking declaratory judgments regarding claim 1 of Mr. Procopis' patents. Docket No. 64 at 23-31, ¶¶ 38-65. Defendants allege that claim 1 of each of Mr. Procopis' patents is invalid under 35 U.S.C. § 102(a)(1) because such claims are anticipated by the "Speed Trap 1.0," a golf training aid that defendants have sold to the public since 2013. *Id.* at 18, ¶¶ 18-19; Docket No. 35 at 11, 16. Defendants allege that claim 1 of each of Mr. Procopis' patents is therefore invalid and unenforceable against the Speed Trap 2.0. Docket No. 64 at 11. Defendants further allege that Mr. Procopis' training aid, the Slot It Golf Swing-Trainer, infringes the Speed Trap 1.0's copyrighted design artwork. *Id.* at 29, ¶ 57.

On January 27, 2023, defendants filed a motion for summary judgment on their invalidity counterclaims. Docket No. 35. They argued that the Speed Trap 1.0 discloses all of the claimed elements of claim 1 of each of Mr. Procopis' patents, rendering claim 1 of Mr. Procopis's patents invalid. *Id.* at 10. They further argued that the Speed Trap 2.0 cannot infringe claim 1 of Mr. Procopis' patents because the claim is invalid and that defendants were therefore entitled to summary judgment in their favor. *Id.* at 19. On February 15, 2023, Mr. Procopis[1] served infringement contentions on

---

[1] Mr. Procopis was initially represented by counsel in this case, *see* Docket No. 1 at 28, but his attorney withdrew on January 26, 2023. Docket No. 32 at 1. Although Mr. Procopis has since retained other counsel, *see* Docket Nos. 53, 56, 73, 74, Mr. Procopis filed the response to defendants' motion for summary judgment, Docket No.

2

defendants.  Docket No. 83 at 4; see Docket No. 84-1.  The infringement contentions assert that the Speed Trap 2.0 infringes claims 1, 2 and 4 of the '641 Patent and claims 1, 2, 4, 7, 8 and 10 of the '783 Patent.  Docket No. 84-1 at 3.  These infringement contentions are included in the Joint Disputed Claims Terms Chart for U.S. Patents 10,695,641 and 11,344,783 filed on July 14, 2023.  Docket No. 68 at 4.

On March 13, 2023, Mr. Procopis filed a response to defendants' motion for summary judgment.  Docket No. 55.  He argued that the Speed Trap 1.0 does not disclose all of the claimed elements of claim 1 of each of Mr. Procopis' patents and asked the Court to deny defendants' motion for summary judgment on Mr. Procopis' invalidity claims.  Id. at 18.  Defendants filed a reply on March 21, 2023.  Docket No. 58. On April 6, 2023, Mr. Procopis filed a motion seeking leave to file a surreply to challenge defendants' characterization of the prosecution history of the '641 Patent.  Docket No. 59 at 2-4.  On May 19, 2023, Mr. Procopis filed a motion seeking leave to file a "supplemental statement of facts" concerning a new patent he was prosecuting because Mr. Procopis "assume[d] that the court would want to know" about it.  Docket No. 62 at 2.

On January 11, 2024, the Court granted defendants' motion for summary judgment.  Docket No. 82 at 14.  The Court found that, because "every element of claim 1 of Mr. Procopis' patents is present in the Speed Trap 1.0, the Speed Trap 1.0 anticipates claim 1 of Mr. Procopis' patents, rendering claim 1 in each patent invalid."  Id. at 13 (citing 35 U.S.C. § 102(a)(1)).  Accordingly, the Court granted summary

---

55, motion for leave to file a surreply, Docket No. 59, and motion for leave to file a supplemental statement of facts, Docket No. 62, pro se.

3

judgment in defendants' favor on Mr. Procopis' first and second causes of action. *Id.* at 14. In addition, the Court denied the motion seeking leave to file a surreply because the Court did not rely on the prosecution history of the '641 Patent to rule on defendants' motion for summary judgment and denied the motion seeking leave to file a "supplemental statement of facts" because the filing of a supplemental statement of facts is not permitted under the Local Rules or the Court's practice standards. *Id.* at 3 n.2.

On January 30, 2024, Mr. Procopis filed a motion for reconsideration of the Court's order granting defendants' motion for summary judgment. Docket No. 83. Defendants responded, Docket No. 87, and Mr. Procopis replied. Docket No. 90.

## II.   LEGAL STANDARD

The Federal Rules of Civil Procedure do not specifically provide for motions for reconsideration. *See Hatfield v. Bd. of Cnty. Comm'rs for Converse Cnty.*, 52 F.3d 858, 861 (10th Cir. 1995). Instead, motions for reconsideration fall within a court's plenary power to revisit and amend interlocutory orders as justice requires. *See Paramount Pictures Corp. v. Thompson Theatres, Inc.*, 621 F.2d 1088, 1090 (10th Cir. 1980) (citing Fed. R. Civ. P. 54(b)); *see also Houston Fearless Corp. v. Teter*, 313 F.2d 91, 92 (10th Cir. 1962). In order to avoid the inefficiency which would attend the repeated re-adjudication of interlocutory orders, judges in this district have imposed limits on their broad discretion to revisit interlocutory orders. *See, e.g., Montano v. Chao*, No. 07-cv-00735-EWN-KMT, 2008 WL 4427087, at *5-6 (D. Colo. Sept. 28, 2008) (applying Rule 60(b) analysis to the reconsideration of interlocutory order); *United Fire & Cas. Co. v. McCrerey & Roberts Constr. Co.*, No. 06-cv-00037-WYD-CBS, 2007 WL 1306484, at

4

*1-2 (D. Colo. May 3, 2007) (applying Rule 59(e) standard to the reconsideration of the duty-to-defend order). Regardless of the analysis applied, the basic assessment tends to be the same: courts consider whether new evidence or legal authority has emerged or whether the prior ruling was clearly in error. *See Echon v. Sackett*, No. 14-cv-03420-PAB-NYW, 2019 WL 8275344, at *2 (D. Colo. Feb. 12, 2019); *Alpenglow Botanicals, LLC v. United States*, 894 F.3d 1187, 1203 (10th Cir. 2018) ("a motion for reconsideration is appropriate where the court has misapprehended the facts, a party's position, or the controlling law"); *Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000) ("Grounds warranting a motion to reconsider include (1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice."). Motions to reconsider are generally an inappropriate vehicle to advance "new arguments, or supporting facts which were available at the time of the original motion." *Servants of the Paraclete*, 204 F.3d at 1012.

### III. ANALYSIS

Mr. Procopis asks the Court to reconsider its order granting defendants' motion for summary judgment on two grounds. Docket No. 83 at 2-3. First, Mr. Procopis argues that the Court should not have dismissed all of his infringement claims because, in the infringement contentions that Mr. Procopis served on defendants after they moved for summary judgment, Mr. Procopis asserted infringement of more than just claim 1 of his patents. *Id.* at 3-9. Second, he argues that the Court erred in holding that claim 1 of Mr. Procopis' patents is invalid. *Id.* at 9-11.

### A. Alleged Infringement of Additional Claims

The complaint alleges that the Speed Trap 2.0 infringes on claim 1 of Mr. Procopis' patents. Docket No. 1 at 1-3, 16-17, 22-23, ¶¶ 1-4, 40, 59. The complaint does not identify any other claims that the Speed Trap 2.0 infringes, although it purports to "reserve[ ] the right to identify other and /or additional infringed claims in [Mr. Procopis'] infringement contentions" pursuant to Local Patent Rule 4(b)(1). *Id.* at 17, 23, ¶¶ 40 n.1, 59 n.2. Patent Rule 4(a) requires a party claiming patent infringement to serve on the opposing party "Infringement Contentions identifying with specificity each accused product or process." D.C.COLO.LPtR 4(a). Patent Rule 4(b)(1) requires a party serving infringement contentions to also serve a claim chart for each accused instrumentality that identifies each claim of each patent in suit that is allegedly infringed. D.C.COLO.LPtR 4(b)(1).

Mr. Procopis served infringement contentions asserting that the Speed Trap 2.0 infringes claims 1, 2 and 4 of the '641 Patent and claims 1, 2, 4, 7, 8 and 10 of the '783 Patent on defendants on February 15, 2023, approximately three weeks after defendants filed their summary judgment motion. Docket No. 83 at 4; *see* Docket No. 84-1 at 3; Docket No. 35. Mr. Procopis did not amend his complaint to reflect the assertions in the infringement contentions or file a copy of the infringement contentions with the Court. Mr. Procopis did not reference the infringement contentions or argue that the Speed Trap 2.0 infringed more than claim 1 of his patents in the response to defendants' motion for summary judgment, the proposed surreply, the proposed "supplemental statement of facts," or the briefing in support of the motions to file the

surreply and "supplemental statement of facts." See Docket Nos. 55, 59, 59-1, 61, 62, 62-1, 67.

Similarly, the defendants did not disclose in their reply in support of the summary judgment motion that Mr. Procopis had filed infringement contentions asserting that the Speed Trap 2.0 infringed more than claim 1 of his patents. See Docket No. 58. Defendants did not object to Mr. Procopis' filing of infringement contentions asserting that the Speed Trap 2.0 infringed more than claim 1 of his patents despite the fact that Mr. Procopis' complaint did not identify any other claims that the Speed Trap 2.0 infringes. Moreover, the parties jointly submitted a disputed claim terms chart indicating that Mr. Procopis was asserting claims 1, 2 and 4 of the '641 Patent and claims 1, 2, 4, 7, 8 and 10 of the '783 Patent. Docket No. 68 at 4.

As Mr. Procopis notes, see Docket No. 83 at 2, the Court was unaware that Mr. Procopis had filed infringement contentions asserting that the Speed Trap 2.0 infringes more than claim 1 of his patents at the time that the Court ruled on defendants' motion for summary judgment. However, the Court agrees with Mr. Procopis that, in light of the additional claims asserted in the infringement contentions, defendants' motion for summary judgment was "effectively a motion for partial summary judgment, seeking a determination of invalidity of only claim 1" of Mr. Procopis' patents. See id. at 6. The parties' course of conduct indicates that both sides understood that the infringement contentions were the proper and effective means of formally identifying each side's claims. If defendants had a different understanding, they would have objected to Mr. Procopis filing infringement contentions that went beyond claim 1 of his patents. Moreover, if defendants really understood that only an amended complaint was needed

to formalize infringement claims, they would not have jointly submitted the disputed claim term chart, which listed terms contained in many more claims than claim 1 of Mr. Procopis' patents.  See Docket No. 68 at 4.  The Court therefore rejects defendants' argument that Mr. Procopis could not assert that the Speed Trap 2.0 infringed more than claim 1 of his patents through his infringement contentions.  The Court will therefore amend its ruling on defendants' summary judgment motion and dismiss Mr. Procopis's first and second causes of action only insofar as they allege that the Speed Trap 2.0 infringes claim 1 of his patents.

### B. <u>Invalidity of Claim 1 of Mr. Procopis' Patents</u>

Mr. Procopis also seeks reconsideration of the Court's finding that claim 1 of Mr. Procopis' patents is invalid.  Docket No. 83 at 9-11.  Claim 1 of the '641 Patent requires four elements: (1) a U-shaped base that includes (2) "a target line, a pair of external pole-positioning lines, and a pair of interior pole-positioning lines inside and parallel to the external pole-positioning lines;" and (3) a "plurality of poles, each pole having a base selectively attachable to the U-shaped base;" (4) "whereby the poles are attachable to the U-shaped base along the interior pole-positioning lines when swings with an iron are to be practiced and wherein the poles are attachable to the U-shaped base along the exterior pole-positioning lines when swings with a driver are to be practiced."  '641 Patent col. 6 ll. 33-52 .  Claim 1 of the '783 Patent differs from claim 1 of the '641 Patent only in that the fourth element requires a plurality of poles to be "attachable to the U-shaped base along the interior pole-positioning lines when swings are to be practiced and wherein the poles are attachable to the U-shaped base along the exterior pole-positioning lines when other swings are to be practiced."  '783 Patent col. 6 ll. 39-58.

8

Defendants' motion for summary judgment argued that the Speed Trap 1.0 discloses all of the claimed elements of claim 1 of each of Mr. Procopis' patents, rendering claim 1 of Mr. Procopis' patents invalid.  Docket No. 35 at 10.  Mr. Procopis' response to the summary judgment motion argued that the Speed Trap 1.0 does not disclose the fourth element of claim 1 of his patents, which requires "a plurality of poles . . . wherein the poles are attachable to the U-shaped base along the exterior pole-positioning lines" because only two of the Speed Trap 1.0's four poles are attachable along the exterior pole-positioning lines.  Docket No. 55 at 15-18; *see* '641 Patent col. 6 ll. 42-51; '783 Patent col. 6 ll. 48-57.  Mr. Procopis claimed that that his patents "require[ ] that the poles be attachable along the interior pole-positioning lines and along the exterior pole-positioning lines," arguing that the "Speed Trap 1.0 lacks this feature because the Speed Trap 1.0 includes two poles . . . that are not positionable along the exterior pole-positioning lines."  Docket No. 55 at 15-16.  He claimed that defendants therefore failed to show patent invalidity because they "failed to provide any evidence showing 'the poles' (and not just some of the poles) being positionable along both the interior pole-positioning line and the exterior pole-positioning line."  *Id.* at 16-17.

Similarly, Mr. Procopis argued that claim 1 of the '641 Patent "requires that the pole<u>s</u> (emphasis added on the plural) be attachable along the exterior pole-positioning lines when swings with a driver are to be practiced" and claimed that defendants had therefore failed to establish that the Speed Trap 1.0 anticipated this claim because they "failed to show the Speed Trap 1.0 being used with a driver with a plurality of poles along the exterior pole-positioning lines."  *Id.* at 17-18.

9

Defendants responded that the Speed Trap 1.0 discloses the fourth element of claim 1 of Mr. Procopis' patents because "plurality" means "two or more" and the Speed Trap 1.0 includes two poles that are attachable along the exterior pole-positioning lines. Docket No. 58 at 9-10.  The Court found that "plurality of poles," as used in claim 1 of Mr. Procopis' patents, means two or more poles, that the Speed Trap 1.0 includes two poles that are attachable along the exterior pole-positioning lines, and that the Speed Trap 1.0 therefore anticipates claim 1 of Mr. Procopis' patents.  Docket No. 82 at 13.  Accordingly, the Court held that claim 1 of Mr. Procopis' patents is invalid.  *Id.* at 14.

Mr. Procopis now concedes that "plurality of poles," as used in claim 1 of Mr. Procopis' patents, means two or more poles.  Docket No. 83 at 2, 9.   However, the motion for reconsideration raises the argument that defendants nevertheless failed to establish that the Speed Trap 1.0 anticipated claim 1 of Mr. Procopis' patents because "Defendants did not present any evidence that a 'plurality of poles'—i.e., two or more poles—are attached along the exterior pole-positioning lines 'when swings with a driver [or "other swings"] are to be practiced.'"  *Id.* at 9.  Therefore, Mr. Procopis argues that, "because there is no evidence that the Speed Trap 1.0 satisfies the limitation requiring a 'plurality of poles' be positionable along the exterior pole-positioning lines when swings with a driver are to [sic] practiced, the Court's holding that claim 1 of each Patent-in-Suit[2] [is invalid] was clearly erroneous."  *Id.* at 11 (footnote added).

---

[2] It is not clear why the Court's finding that claim 1 of the '783 Patent is invalid would be erroneous based on defendants' failure to demonstrate that a plurality of poles are attachable to the exterior pole-positioning lines when swings with a driver are practiced, since claim 1 of the '783 Patent does not mention the use of a driver.  *See* Docket No. 35-16 at 7.

The argument that defendants failed to establish that two or more of the Speed Trap 1.0's poles are positionable along the exterior pole-positioning lines when swings with a driver are to be practiced was available to Mr. Procopis at the time of defendants' motion for summary judgment.  However, under Tenth Circuit precedent, a motion to reconsider is an inappropriate vehicle to advance "new arguments, or supporting facts which were available at the time of the original motion." *Servants of the Paraclete*, 204 F.3d at 1012.  Accordingly, because Mr. Procopis failed to raise this argument in the response to the motion for summary judgment, the Court finds that he cannot raise it for the first time in the motion for reconsideration.  In the alternative, images and videos submitted in support of defendants' motion for summary judgment, *see* Docket No. 35 at 5, 7, ¶¶ 2, 4; Golf Lessons- Adding Distance to Your Drives- The Speed Trap, https://www.youtube.com/watch?v=R68PIqPg2lY, at 1:44; *see also* Docket No. 87 at 6-7, considered together, demonstrate that the Speed Trap 1.0 includes two poles that are positionable along the exterior pole-positioning lines when swings with a driver are to be practiced.  The Court therefore denies the portion of Mr. Procopis' motion requesting reconsideration of the Court's finding that claim 1 of Mr. Procopis' patents is invalid.

## IV.  CONCLUSION

Therefore, it is

**ORDERED** that Plaintiff's Motion for Reconsideration of Order on Motion for Summary Judgment [Docket No. 83] is **GRANTED in part** and **DENIED in part**.  It is further

**ORDERED** that the Court's Order [Docket No. 82] is **VACATED** to the extent that it dismissed Mr. Procopis' first and second causes of action alleging infringement of claims other than claim 1 of Mr. Procopis' patents.  It is further

**ORDERED** that Mr. Procopis' first and second causes of action are **REINSTATED** insofar as they allege infringement of claims other than claim 1 of U.S. Patent No. 10,695,641 and claim 1 of U.S. Patent No. 11,44,783.

DATED September 9, 2024.

BY THE COURT:

PHILIP A. BRIMMER
Chief United States District Judge